J-S65020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRIS ALAN NEIL | |
| Appellant | No. 1970 MDA 2017 |

Appeal from the Judgment of Sentence imposed November 21, 2017
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0001847-2017

BEFORE:  SHOGAN, and STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 15, 2019**

Appellant, Chris Alan Neil, appeals from his judgment of sentence of 3½-7 years' imprisonment for carrying a firearm without a license in violation of 18 Pa.C.S.A. § 6106.  We affirm.

The trial court accurately summarized the evidence adduced during trial as follows:

> On May 23, 2017, [Appellant] left a threatening voicemail for his estranged wife.  He indicated that when he saw her the next day that he would have a "gun waiting for [her]."  On May 24, 2017, he saw his estranged wife as she approached the county courthouse in her car.  He immediately jumped on his motorcycle and followed.  When she pulled over to park near the courthouse, [Appellant] ran up to her vehicle and began banging on the window while screaming at her.  Afraid of what might happen, she blew her car horn steadily until county sheriffs and local police responded.  As the officers approached, [Appellant] jumped back onto his motorcycle and fled.

The estranged wife recounted the threatening voicemail and her fear that [Appellant] might be armed. Officers quickly followed in his direction. They found his motorcycle parked around the block from the courthouse[.] Pursuant to a search of the motorcycle's saddlebag, officers found a revolver inside a men's motorcycle vest. As a result, the Commonwealth charged [Appellant] with one count of firearms not to be carried without a license for the revolver recovered from the motorcycle.

At trial, the defense stipulated that [Appellant] did not have a license to conceal-carry the revolver because he was ineligible for such a license. The Commonwealth presented a firearms expert who opined that the revolver recovered from the motorcycle was capable of firing projectiles. Another Commonwealth witness and long-time friend of the former couple testified that [Appellant] had possessed a revolver like that found on the motorcycle prior to the May incident. He believed that the revolver in evidence was the very same revolver that he had seen in [Appellant]'s possession. He also testified to what he witnessed as he followed [Appellant]'s estranged wife on the day of the incident.

Trial Ct. Op., 4/5/18, at 1-2.

The jury found Appellant guilty of the aforementioned firearms offense. On November 21, 2017, the trial court imposed sentence. Appellant timely appealed to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

I. Did the trial court err when it concluded that the evidence provided by the Commonwealth was sufficient to find [Appellant] guilty of possessing a firearm without a license?

II. Did the trial court err when it allowed the Commonwealth to present prejudicial testimony through a late-provided witness not previously mentioned in discovery?

Appellant's Brief at 5.

In his first argument, Appellant contends that the evidence was insufficient to sustain his conviction for carrying a firearm without a license. Our Supreme Court has explained:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). Further:

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. Additionally, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.

*Commonwealth v. Feliciano*, 67 A.3d 19, 23-24 (Pa. Super. 2013) (*en banc*).

Section 6106 provides in relevant part: "Any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony

- 3 -

of the third degree." 18 Pa.C.S.A. § 6106(a)(1).  Appellant argues that the Commonwealth failed to prove that he carried a firearm in a vehicle.[1]  We conclude that the Commonwealth satisfied this element by introducing evidence that Appellant was in constructive possession of the firearm in the motorcycle that he was operating.

We have held that

> possession can be found by proving actual possession, constructive possession, or joint constructive possession.  Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction.  Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement.  We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control.  To aid application, we have held that constructive possession may be established by the totality of the circumstances.

> It is well established that, [a]s with any other element of a crime, constructive possession may be proven by circumstantial evidence.  In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue. *See*, *e.g.*, *Commonwealth v. Davis*, 743 A.2d 946, 953–54 (Pa. Super. 1999) (holding that evidence was sufficient to prove constructive possession over drugs found in common areas of an apartment where the defendant entered the apartment using his own key, and possessed $800 in cash on his person, and police recovered defendant's identification badge, size-appropriate clothing, and firearms from a bedroom).

> [A] defendant's mere presence at a place where contraband is found or secreted is insufficient, standing alone, to prove that he

_____

[1] Appellant does not claim that the Commonwealth failed to prove the other elements of Section 6106(a)(1).

exercised dominion and control over those items. Thus, the location and proximity of an actor to the contraband alone is not conclusive of guilt. Rather, knowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession.

If the only inference that the fact finder can make from the facts is a suspicion of possession, the Commonwealth has failed to prove constructive possession. It is well settled that facts giving rise to mere association, suspicion or conjecture, will not make out a case of constructive possession.

*Commonwealth v. Parrish*, 191 A.3d 31, 36-37 (Pa. Super. 2018) (several citations and quotation marks omitted).

Here, one day before the incident, Appellant threatened to shoot his wife. The next morning, May 23, 2017, while on a motorcycle, Appellant approached his wife's car outside a courthouse and banged on her window. Although Appellant's wife was the registered owner of the motorcycle, she testified that he was the only person who ever operated it, and that he was the sole operator on the date of the incident. As Appellant confronted her, she blew her car horn until law enforcement officers approached. Appellant fled on the motorcycle, which the police found around the block from the courthouse. The officers found a loaded firearm inside the motorcycle's saddlebag. Both Appellant's wife and David Downs, an eyewitness to the encounter outside the courthouse, testified that they previously had seen this firearm in Appellant's possession. Viewed collectively, this evidence gave rise to more than "mere association, suspicion or conjecture." *Id.* at 37. The

totality of the evidence demonstrates that Appellant exercised dominion and control over the firearm.

Appellant argues that his case is analogous to **Parrish**, in which we held that the evidence was insufficient to prove constructive possession. We find **Parrish** distinguishable. There, the police discovered guns and drugs in the front row of a vehicle, but the defendant was seated in the back row. The defendant was not carrying any type of bag when he entered the car. He did not have keys to the car and was not its owner or operator. There was no evidence that he had ever been seated in either of the front seats. Neither of the recovered firearms was registered to him, and there was no fingerprint evidence for either weapon. We held that the jury could not reasonably infer that the defendant knew about the contraband in the front row, let alone exercise dominion and control over these items. **Id.** at 37-38. In contrast, there is abundant evidence in the present case that Appellant knew about the firearm in the motorcycle saddlebag and exercised both dominion and control over it.

Accordingly, the evidence was sufficient to sustain Appellant's conviction under Section 6106.

In his second argument, Appellant contends that the trial court abused its discretion by failing to preclude Downs' testimony that he had previously seen Appellant in possession of the firearm recovered in the saddlebag. We review the trial court's decision to admit or deny evidence for abuse of

discretion or error of law. ***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa. Super. 2012). "Thus our standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." ***Id.***

The trial court cogently discussed this issue as follows:

> Regarding the challenge to Mr. Downs, defense counsel claimed that he was only objecting to Mr. Downs' statement that he had seen [Appellant] with a revolver prior to the incident. However, counsel conceded that he could not articulate any prejudice aside from the fact that the statement was damaging. Nor did he claim that the statement was known to and purposely withheld by the Commonwealth to gain an advantage.

> Given [the] defense's concession to the absence of unfair prejudice, we allowed Mr. Downs to testify to having seen [Appellant] with a similar revolver prior to the May incident. The testimony went to [Appellant's] identity and his knowledge of, or lack of mistake concerning, his carrying of the firearm on the motorcycle. The revolver itself was antique in nature and not like revolvers commonly seen today. Considering the unique characteristics of the revolver, Mr. Downs' testimony tended to establish that [Appellant] was the person on the motorcycle, and that he possessed and, therefore, was the one who carried the revolver found on that motorcycle. It completed the Commonwealth's story in these respects.

Trial Ct. Op. at 4-5. Based on our review of the record, we agree with this analysis and hold that the trial court acted within its discretion by permitting Downs' testimony.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/15/2019